FILED
SUPERIOR COURT
OF GUAM

2022 DEC 13 PM 1: 32

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUANITA ARCEO,<br><br>                             Plaintiff,<br><br>         vs.<br><br>CULGUAM, INC. doing business as<br>COST-U-LESS and JOHN DOE<br>INSURANCE COMPANY,<br><br>                           Defendant. | **Superior Court Case No. CV0397-20**<br><br><br><br>**DECISION AND ORDER GRANTING<br>MOTION FOR A NEW TRIAL** |

Citing juror misconduct, Plaintiff Juanita Arceo moves the Court to order a new trial following a jury trial and a jury verdict in favor of Defendant Culguam, Inc. dba Cost-U-Less. Upon review of the filings and the record, the Court GRANTS the Motion for a New Trial due to the foreperson's failure to disclose his involvement as a defendant in a personal injury case.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Arceo filed this negligence action against Culguam after suffering an injury on its premises. Arceo sought economic and non-economic damages resulting from her injuries. Pl.'s Trial Brief at 5 (Aug. 4, 2022); Mot. New Trial at 7 (Sept. 20, 2022).

During voir dire on August 22, 2022, the Court asked the prospective jurors: "Does anyone here have a pending case in the Superior Court of Guam?" Reply Mot. New Trial, Ex. D at 34–35 (Oct. 18, 2022). Two potential jurors answered affirmatively. *Id.* One potential juror

---

[1] The Court declines to address Arceo's other arguments in favor of a new trial as analysis of those arguments will not change the outcome of this order.


ORIGINAL

disclosed a criminal case; another advised of being a plaintiff in a car accident case. *Id.* The Court offered the potential jurors three opportunities to respond to Court's question. *Id.* at 34–35. No one else responded. *Id.* Arceo did not ask any follow-up questions to the jurors that answered in the affirmative regarding pending cases in the Superior Court of Guam, nor did she move to remove either of the jurors for cause. *Id.* ¶ 7–8.

Voir dire continued, and Arceo conducted extensive voir dire on the issue of damages, the jurors' familiarity with the type of damages in a personal injury case, and the role of the jury in deciding damages. Minute Entry at 10:29 - 11:03 (Aug. 22, 2022). The Court ended voir dire by asking if the jurors had any information not yet disclosed regarding any subject discussed during voir dire. *Id.* at 11:20-21. There were no responses to the Court's final question.

Juror #5 was the last juror to be selected for the jury, and at his seating, Arceo had already exhausted all of her peremptory challenges. *Id.* ¶ 10. The jury later selected Juror #5 as the foreperson. Decl. Victorino Torres ¶ 2, 3 (Sept. 20, 2022). The jury returned a not negligent verdict. Judgment (Sept. 6, 2022).

After the trial, Arceo's counsel discovered that Juror #5 was a defendant in an ongoing personal injury case involving a car accident. Decl. Torres ¶¶ 2–3. Juror #5 actively defended himself in that action. He attended hearings, including a hearing on August 2, 2022--just twenty days before this case's voir dire--and filed pleadings. Pl.'s Am. Ex. 1, Min. Entry 11-9-2021, Min. Entry 8-2-2022, Trial Statement (Sep. 20, 2022). He admitted liability but disputed the damages sought, which included economic and non-economic damages. *Id.* at Minute Entry 02-23-2022. Notably, while in the courthouse for jury duty, the Marshals served him with a notice for his personal injury case. *Id.* at Not. Remote Hearing by Zoom (Aug. 3, 3022), Aff. Serv. (Aug. 10, 2022) (Marshal's note: "Serves as a petit juror").



Arceo indicated that had the information regarding Juror #5's case been properly disclosed during voir dire, she would have moved to dismiss him for cause. Decl. Torres ¶ 3. Arceo states that the foreperson's failure to disclose a pending personal injury lawsuit provides a basis for a new trial. *Id.* 5–10. Arceo asks this Court to adopt a three-part test that she asserts is from a Florida federal district court case. *Id.* at 1 (citing *Bernal v. Lipp*, 580 So. 2d 315 (Fla. Dist. Ct. App. 1991);[2] Mot. New Trial at 5.

In response, Culguam claims that "Plaintiff fails to establish that a juror failing to answer honestly a material question on voir dire is a reason for which new trials have been granted in actions at law in the courts of Guam." Opp. Mot. New Trial at 7–8 (Oct. 11, 2022). Further, Culguam argues that the Florida case law is not persuasive, the Court should follow the U.S. Supreme Court's standard for this issue, and Arceo fails to meet the U.S. Supreme Court standard. *Id.* Culguam cites the U.S. Supreme Court's two-part test from *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), as the relevant standard. *Id.* at 8. That test provides that "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Id.* (citing *McDonough Power Equipment, Inc.*, 464 U.S. at 556). In response, Arceo argues that while the Florida standard should apply, even under the U.S. Supreme Court standard, she is entitled to a new trial. Reply Mot. New Trial at 1–2.

## II.   LAW AND DISCUSSION

Guam Rule of Civil Procedure 59 provides that "[a] new trial may be granted . . . in an action in which there has been a trial by jury, *for any of the reasons for which new trials have heretofore been granted in actions at law in the court of Guam[.]*" GRCP 59(a), 59(a)(1)

---

[2] Arceo incorrectly cites this case as *Bernard v. Lipp* instead of *Bernal v. Lipp*.



(emphasis added). Although the Court has been unable to locate a case on Guam where a new trial was granted due to a juror's failure to disclose or answer questions honestly during voir dire, the Guam Supreme Court has looked to federal appellate courts in discussing the bases for the grant of a Rule 59(a) new trial. *See Adams v. Duenas*, 1998 Guam 15 ¶ 17. Federal courts grant new trials based on juror misconduct. *See generally McDonough Power Equip., Inc.*, 464 U.S. 548. Therefore, the Court determines that a juror's failure to disclose can provide the proper basis for a new trial under Rule 59(a)(1).

Courts apply varying standards for when to grant a new trial based on a juror's failure to disclose pertinent information during voir dire. Arceo asks this court to adopt the three-part test from a Florida federal district court case. However, Arceo incorrectly states that the case is a federal district court case; the case she cites is from a State of Florida appeals court. *See Bernal v. Lipp*, 580 So. 2d 315 (Fla. Dist. Ct. App. 1991). Arceo's only other argument in favor of applying the Florida test is that Florida has also adopted the Federal Rules of Evidence. The Court does not find this argument persuasive considering Guam adopted its rule from the Federal Rules of Civil Procedure, not the Florida Rules of Civil Procedure. *See* GRCP 59 cmt. (indicating FRCP 59 as its source). Further, in considering the Federal Rules of Civil Procedure, the U.S. Supreme Court reviewed this issue and provided a test for determining when a new trial is warranted. *McDonough Power Equip., Inc.*, 464 U.S. 548. Therefore, the Court will apply the U.S. Supreme Court's two-part test for determining when a juror's failure to disclose during voir dire creates the basis for a new trial.

The two-part test created by the U.S. Supreme Court provides "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause."

ORIGINAL

*Id.* at 556. Here, the Court asked the jurors three times if any juror had a pending case in the Superior Court of Guam and then provided the jurors with an additional opportunity to share anything that wasn't disclosed. Juror #5 failed to disclose his pending case.

Culguam suggests that there is a difference between failing to answer honestly and "simply forget[ing] about [an] experience." Opp. Mot. New Trial at 8–9; *Coughlin v. Tailhood Ass'n*, 112 F.3d 1052 (9th Cir. 1997). However, given Juror #5's diligent self-representation in his personal injury case, the Court cannot construe his silence as forgetfulness. When the Court asked about potential jurors' court cases--to which other jurors responded--Juror #5 said nothing despite being in court that same month to attend hearings for his case. He was even served with notice of an upcoming hearing on damages while present in the courthouse as a juror. Twelve days after that service of process upon him, Juror #5, who would serve as the foreman, began his service in this case. Based on the record, the Court concludes that Juror #5's failure to answer the question regarding pending Superior Court cases was not due to any absentmindedness but rather a willful withholding of information.

Further, as it relates to the materiality of the question, "material" is defined as "[o]f such a nature that knowledge of the item would affect a person's decision-making." *Material*, BLACK'S LAW DICTIONARY (11th ed. 2019). When jury selection was conducted in this case, Juror #5 had a pending personal injury case with disputed damages, which damages included medical expenses associated with the injuries and damages for pain and suffering. Arceo asserted damages of the same nature, including economic damages related to her injuries and damages for pain and suffering. The knowledge of Juror #5's pending personal injury case and the juror's role and positions in that case would have impacted Arceo's decision-making during voir dire. Further, Culguam highlights Arceo's lack of follow-up questions regarding the



other juror's disclosures of their pending cases in an attempt to show a lack of materiality. Opp. Mot. New Trial at 9. However, the type of case disclosed by one juror and the other jurors' role in their cases would not have provided a reason for Arceo to ask any subsequent questions. Therefore, Arceo meets the first part of the test for a new trial.

The second part of the U.S. Supreme Court test provides that the "correct response would have provided a valid challenge for cause." *McDonough Power Equip., Inc.*, 464 U.S. at 556. This standard only addresses a valid challenge for cause--not a peremptory challenge. As a result, Culguam's discussion regarding Arceo's lack of peremptory challenges before the seating of Juror #5 is misplaced. Therefore, the Court will examine whether Arceo could have exercised a valid challenge for cause, not whether she would have used a peremptory challenge on the juror.

A party can exercise a valid challenge for cause due to bias. *Fields v. Brown*, 503 F.3d 755, 772 (9th Cir. 2007). An actual bias "stems from a preset disposition not to decide an issue impartially." *Id.* at 766. As repeatedly stated *supra*, Juror #5 had a pending personal injury case in which he was the defendant. The juror's case had a damages hearing scheduled for a month after the trial in this case. The damages in Juror #5's case were very similar to those involved in this case, although the damages in this case were for more significant amounts. Had Arceo requested a challenge for cause based on this information, the Court would have found the presence of bias and granted the motion. Finally, although Culguam notes that Arceo did not challenge either of the other jurors that answered the question regarding pending cases in the affirmative, the Court again notes that based on the information those jurors provided to the Court, there was no reason for Arceo to challenge them. Opp. Mot. New Trial at 9. Therefore, the count finds that both parts of the test are satisfied, and Arceo is entitled to a new trial.



## III.   CONCLUSION AND ORDER

Based on the foreperson's failure to disclose his role as a defendant in an ongoing personal injury case, the Court GRANTS Arceo's Motion for a New Trial. The Court sets a remote[3] Scheduling Conference on 11 January 2023 at 9:00 a.m. and ORDERS the parties to meet and confer on new trial dates and submit a proposed trial schedule by the date of the Scheduling Conference.

SO ORDERED this 13th day of December 2022.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*Pacific Legal Team*
*Camacho Calvo Law Group*
Date: 12/13/22 Time: 1:45pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Matthew J. Holley, Esq., and Victorino D.L.G. Torres, Esq., Pacific Legal Team, P.C., for
     Plaintiff Juanita Arceo
Geri E. Diaz, Esq., Camacho Calvo Law Group, LLC, for Defendant CULGuam, Inc., doing
     business as Cost-U-Less

---

[3] To appear: enter https://guamcourts-org.zoom.us; Meeting ID: 864 4387 2213; and Password: JEMI.

ORIGINAL